Tammy Hussin (Bar No. 155290)
*Of Counsel*
Lemberg & Associates LLC
6408 Merlin Dr., Suite #100
Carlsbad, CA 92011
Telephone (855) 301-2300 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Barbara Westmaas

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Barbara Westmaas,<br><br>           Plaintiff,<br><br>     vs.<br><br>Mandarich Law Group, LLP; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION practices ACT, 15 U.S.C. § 1692 et. seq;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Barbara Westmaas, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

4. The Plaintiff, Barbara Westmaas (hereafter "Plaintiff"), is an adult individual residing at 2102 Laurelwood Court Rosamond, California 93560, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Mandarich Law Group, LLP (hereafter "Defendant"), is a company with an address of 6301 Owensmouth Ave Suite 850 Woodland Hills, California 91367, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Mandarich Law Group, LLP and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Mandarich Law Group, LLP at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. Plaintiff allegedly incurred a financial obligation in the approximate amount of $3,000.00 (the "Debt") to Credit First (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Mandarich Law Group, LLP for collection, or Mandarich Law Group, LLP was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B.     **<u>Mandarich Law Group, LLP Engages in Harassment and Abusive Tactics</u>**

1.     Defendant began contacting Plaintiff in an attempt to collect the Debt. Plaintiff made a verbal payment arrangement with Defendants to withdraw $50.00 per month from her account. The agreement further called for a reduction in the total amount of the Debt from $6,000.00 to $3,000.00. The agreement was entered into with "Lawrence", a collector for the Defendants.

2.     Despite the agreement to withdraw only $50.00, Defendants withdrew $100.00 from Plaintiff's bank account. Plaintiff informed the bank of the unauthorized withdrawal and instructed the bank to decline the withdrawal since it was in violation of the payment arrangement. The following month Defendants withdrew $200.00 without receiving prior authorization from Plaintiff.

3.     As a result of the unauthorized withdrawals, Plaintiff's account was overdrawn by $200.00, and Plaintiff incurred a bank overdraft fee of $34.00.

4.     Despite the agreement made with Plaintiff to reduce the Debt amount to $3,000.00, Plaintiff thereafter received letters from Defendant which stated the amount due and owing was the original amount of $6000.00.

5.     Defendants threatened Plaintiff that litigation would be immediately commenced if she did not pay the Debt. To date, no such action has been filed.

### C.    **Plaintiff Suffered Actual Damages**

6.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

7.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

8.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

9.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10.    The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

11.    The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

12.    The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

13. The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

14. The Defendants caused charges to be made to the Plaintiff, in violation of 15 U.S.C. § 1692f(5).

15. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

16. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

19. Mandarich Law Group, LLP, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

20. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

21. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

- A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
- B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
- C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
- D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);
- E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);
- F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  June 2, 2011					TAMMY HUSSIN


							By: ___*/s/   Tammy Hussin*_____
							Tammy Hussin, of Counsel
							Lemberg & Associates, LLC
							Attorney for Plaintiff, Barbara Westmaas